E. L. PARSHLEY, *Plaintiff in Error*, v. W. H. GOODBREAD, *Defendant in Error.*

1. The penalty provided in Section 2217 General Statutes preventing recovery by a contractor who has failed or refused to furnish a list of material men and laborers is confined to recovery under that act and does not apply to an ordinary action on the common counts.

2. There was sufficient evidence to sustain the judgment.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Carter & McCallum*, for Plaintiff in Error;

*Hardee & Butler*, for Defendant in Error.

COCKRELL, J.—Goodbread recovered judgment upon the common counts against Miss Parshley in the sum of $1,192 with interest and costs.

Errors are assigned here upon the sustension of a demurrer to a plea and upon the denial of a motion for a new trial.

Omitting formal parts the plea reads: "That the said plaintiff ought not to have and maintain his causes of action as set out and described in the 2nd, 3rd, 4th, 5th, 6th, 7th, and 8th counts of plaintiff's declaration, and in each of them, because she says that prior to the 11th day of April, 1908, to-wit, on the 9th day of August, 1907, the said plaintiff contracted to and with this defendant for and in consideration of the sum of $16,333.00 to prepare the ground, furnish the material, and to build and construct one two story brick building as per the plans then and there agreed upon, said building to be located on Parshley Square Addition to the City of Live Oak, Fla., fronting on Ohio Avenue and extending from Brigue Alley to Court Street, and extending back 75 feet; that the said plaintiff thereafter entered upon the performance of said contract and in the construction of said building divers sub-contractors, mechanics and laborers were employed in the building of same by the said plaintiff, and divers and various persons, firms and corporations furnished materials to the plaintiff for and in the construction of said building, and the said plaintiff has wholly failed to furnish either this defendant, who was the person having the said building constructed, or her authorized agent, a correct and complete list, or any list whatever, of the names of the sub-contractors, mechanics and laborers employed in the construction of said building, and has failed to furnish either to this defendant or her authorized agent, the names of all persons who furnished materials for the construction thereof. Defendant avers that each and every of the alleged causes of action named and described in the said 2nd, 3rd, 4th, 5th, 6th, 7th, and 8th counts, and each of the alleged sums of money in the said several counts sought to be recovered, are based upon, and are alleged claims growing out of, and are claimed to be due from this defendant to

the plaintiff, on account and by reason of the construction of the building hereinbefore described."

The counts referred to in the plea are the common counts in the statutory forms, the bill of particulars attached consists of numerous items of bills paid for work, cash expended, work done, materials furnished, also for one mare and certain credits.

The special count, declaring upon a building contract, with allegations that these items were extras outside its terms, which sought the special statutory lien and attorney's fees was abandoned and may be eliminated.

The correctness of the ruling upon the demurrer requires a construction of sections 2216-2217 of the General Statutes. Section 2216 makes it the duty of "any person who may contract to build or repair any house * * * to furnish the person or persons having such building constructed or repaired * · * * a correct and complete list of the names of the sub-contractors, mechanics and laborers to be employed in the building or repair of such house or other buildings, the names of persons who may have furnished materials * * * and all the persons acquiring a lien upon such house * * * and shall furnish a receipt in full for all claims and demands for· work done or material furnished * * * or for a release * * * from any claim * * * ."

Section 2217 reads:

"2217. Failure of contractor to furnish names.—If any contractor or sub-contractor fail or refuse to furnish the list of names provided for by above section, such failure or refusal may be plead in bar of such contractor's or sub-contractor's recovery against the owner or owners of such building, unless it can be shown that the claims of all sub-contractors, mechanics, laborers and material men, for labor done or materials furnished for the construction or repairs of such building, mill, distillery, manufac-

tory or machinery have been fully paid and discharged."

What is meant by "such contractor's recovery?" To an intelligent understanding we advert to the original act, Chapter 4955, Laws of 1901, from which these sections are taken, premising that liens are acquired by those not in privity with the owner, only from the service of a written notice of an intent to claim the lien and then only to the extent of the balance due the contractor. Chapter 4955 is entitled an act to protect contractors, mechanics, laborers and material men and to provide for the summary collection of moneys due them for wages or material furnished    *    *    *    ." Provision is then made for a most summary procedure, for the acquisition of a special · lien and for attorney's fees, and we are constrained to hold that the "recovery" prohibited by the act is the recovery contemplated and provided for by the act.

It may well be that the legislature intended that the contractor should lose his lien and the special privilege of having the opposite party pay his attorney's fees unless he comply strictly with the act, but we do not see that it was intended that he should be deprived of the remedies theretofore open to the rest of mankind.

In the action upon the common counts the plaintiff is not suing as contractor; nor is he asking special favors and the ordinary and usual defenses were open to the defendant. We agree with the Circuit Judge in · holding this special statutory defense not applicable to a declaration upon the common counts.

The only other plea interposed was the general issue, no objection is made to the admission or rejection of evidence and the charges of the court are not before us.

It is claimed that the verdict is contrary to the evidence, and is excessive. There was a slight remittitur ordered by the trial judge and it is admitted as to some of the items it was a question solely for the jury. We

have been unable to place our finger on sufficient items as to which there was no evidence to reduce the amount below that finally entered into the judgment. There was decided conflict in the testimony on almost every item, but the plaintiff testified as to sufficient items as being ordered or approved by the defendant and as to the reasonable value of the work done, materials furnished or the money paid out at her expense. The jury chose to believe him rather than the defendant, their verdict has been sanctioned, by the court, and we find nothing to justify interference on our part.

The judgment is affirmed.

All concur except TAYLOR, J., not participating.

Petition for rehearing in this case denied.